IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under the Pooling and Servicing Agreement Related to IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2007-1, ) ) ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 2:09cv324-WHA |
| CITIBANK, N.A., ) ) | (wo) |
| Defendant. ) | |
| JOHNNY M. PORTIS, et al., ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 2:10cv001-WHA |
| CITIBANK, N.A., et al., ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on trial briefs filed by Deutsche Bank National Trust Company ("Deutsche Bank") and Johnny M. Portis and Lisa H. Portis ("the Portises"), and stipulated facts. Two of the parties in these consolidated cases have asked the court to determine whether Deutsche Bank or the Portises have the right to redeem real property owned, through foreclosure sale, by Citibank, N.A. ("Citibank").

The consolidated cases arise out of the same real estate mortgage transaction. In the first case, Deutsche Bank filed a Complaint for Declaratory Judgment against Citibank in state court. That case was removed to federal district court on the basis of diversity jurisdiction. The Portises similarly filed a Complaint in state court which was removed to this court on the basis of diversity jurisdiction. The cases were consolidated by Order of the court, at the request of the parties.

The court previously decided motions for summary judgment, the conclusion of which was a finding that Citibank's lien on the real property at issue had priority over Deutsche Bank's lien, and reserving a redemption issue for trial. Doc. #77. Deutsche Bank and the Portises now each seek to exercise the statutory right of redemption and purchase the property from Citibank. Deutsche Bank, Citibank, and the Portises have agreed to submit this remaining issue for determination on briefs and a joint stipulation of facts.

When asked by the court to clarify its position on the redemption issue, Citibank has represented that it takes no position as to whether Deutsche Bank, the Portises, or any party has met the requirements under Alabama law for redemption.

## II. STIPULATED AND UNDISPUTED FACTS

Deutsche Bank, Citibank, and the Portises have submitted the following stipulated facts (Doc. #80), which Deutsche Bank and the Portises jointly supplemented as to paragraph ¶ 12 (Doc. #89), in response to an Order from the court (Doc. #88):

1. As of October 1, 2006, Mark E. Marvin and Theresa F. Marvin (the "Marvins") were the owners of the property located at 413 Parks Road, Pike Road, Alabama, which is described as Lot 1 of Belle Arete Subdivision Plat No. 1, as the Plat thereof appears of record in

2

the Office of the Judge of Probate of Montgomery County, Alabama (the "Probate Office") in Plat Book 48, Page 96 (the "Property").  *See* Exhibit 1.

2. As of October 1, 2006, the Property was subject to a mortgage in the amount of approximately $700,000 held by Regions Bank d/b/a Regions Mortgage, as recorded on October 24, 2005 in the Probate Office ("the Regions Mortgage").  *See* Exhibit 2.

3. As of October 1, 2006, the Property was subject to a home equity line of credit mortgage in the amount of $180,000 held by Citibank, as recorded on April 17, 2006 in the Probate Office ("the Citibank Mortgage").  *See* Exhibit 3-B.

4. On October 13, 2006, the Marvins, as mortgagors, granted a mortgage on the Property in the amount of $920,000 in favor of Renasant Bank, Deutsche Bank's predecessor-in-interest, as mortgagee, which was recorded on October 24, 2006 in the Probate Office (the "Deutsche Bank Mortgage").  *See* Exhibit 4.

5. In connection with the Deutsche Bank Mortgage, an appraisal of the Property was conducted on September 25, 2006.  *See* Exhibit 5.

6. In connection with the Deutsche Bank Mortgage, Deutsche Bank paid $702,078.16 to Regions Bank and paid $181,168.59 to Citibank. *See* Exhibit 6.

7. Deutsche Bank, or its predecessor-in-interest, purchased title insurance in connection with the Deutsche Bank Mortgage.  *See* Exhibit 7,  Exhibit 8.

8.  Citibank sent a letter and payoff statement in connection with the Citibank Mortgage.  *See* Exhibit 9.

9. On November 9, 2006, Regions prepared and recorded a discharge of the Regions Mortgage in the Probate Office.  *See* Exhibit 10.

10. On September 11, 2008, Deutsche Bank foreclosed the Deutsche Bank Mortgage for a credit bid of $833,000, and recorded its foreclosure deed in the Probate Office on September 26, 2008.  *See* Exhibit 11.

11. The Sherwin Williams Company ("Sherwin Williams") recorded a certificate of judgment against Theresa Marvin in the Probate Office on October 19, 2008. A Certified Copy of the Sherwin Williams Judgment recorded on October 19, 2008 at RLPY 3820, Page 783 in the Probate Office. *See* Exhibit 12.

12. On November 14, 2008, Citibank foreclosed the Citibank Mortgage for a credit bid of $194,149.60 (the entire amount then due and owing), resulting in no deficiency following the sale, and recorded its foreclosure deed in the Probate Office on November 24, 2008. *See* Exhibit 13.

13. On February 24, 2009, Deutsche Bank filed its Complaint for Declaratory Judgment and Other Relief (Doc. 2-3) against Citibank in the instant action. In addition, on February 24, 2009, Deutsche Bank filed and recorded a lis pendens, entitled "Notice of Pending Action," in the Probate Office at RLPY 03861, Pages 0122-23.  *See* Exhibit 14.

14. On November 3, 2009, Sherwin Williams executed an "Assignment of Statutory Right of Redemption from Foreclosure" and a "Quit Claim Deed" in favor of the Portises. *See* Exhibit 15, Exhibit 16. The Portises paid a total of $100.00 to Sherwin Williams in consideration for that "Assignment of Statutory Right of Redemption from Foreclosure" and "Quit Claim Deed."

15. On November 3, 2009, the Portises faxed and mailed a letter to Citibank regarding "Redemption Rights in the Property… ."  *See* Exhibit 17.

16. On November 13, 2009, the Marvins executed "Assignment of Statutory Right of Redemption from Foreclosure" and a "Quit Claim Deed" in favor of the Portises.  *See* Exhibit 18, Exhibit 19. The Portises paid a total of $100.00 to the Marvins in consideration for that for the "Assignment of Statutory Right of Redemption from Foreclosure" and a "Quit Claim Deed."

17. On November 13, 2009, the Portises filed their Complaint (Doc. 1-2 in Case No. 2:10-cv-001) against Citibank and Deutsche Bank in the Circuit Court of Montgomery County, Alabama. In addition, on November 17, 2009, the Portises filed and recorded an amended lis pendens, entitled "Notice of Lis Pendens" in the Probate Office at RLPY 03968, Pages 0112-14, which amended an earlier filed lis pendens (filed on November 13, 2009). A copy of the amended notice is attached hereto as Exhibit 20.

18. On November 24, 2009, Citibank and Deutsche Bank, prior to their respective counsel receiving notice of the Portises' Complaint, filed a joint motion requesting that the Court stay the instant action and stated that "they are working in concert to sell the property that is the subject of this action so that this matter can potentially be resolved." (Doc. 17).

19. On December 1, 2009, the Court entered an order staying the instant action until June 1, 2010. (Doc. 18).

20. On January 4, 2010, Deutsche Bank and Citibank removed the Portises' action pending in the Circuit Court of Montgomery County, Alabama to this Court. (Doc. 1 in Case No. 2:10-cv-001).

21. On January 8, 2010, the parties filed a joint motion to consolidate and continue the stay. (Doc. 19).

22. On January 12, 2010, the Court entered an order consolidating the cases and continued the stay until February 8, 2010. (Doc. 20).

23. On February 18, 2010, the Court entered an order lifting the stay. (Doc. 23).

24. On April 5, 2010, Deutsche Bank filed its Amended Complaint (Doc. 27).

### III. DISCUSSION

The issue before the court, having previously ruled that Citibank's mortgage had priority so that Citibank is the legal owner of the property at issue, is whether Deutsche Bank or the Portises, or any party, is entitled to exercise the Alabama statutory right of redemption to purchase the property at issue.[1]

> When real property in Alabama is mortgaged, the legal title passes to the mortgagee and the mortgagor retains the equity of redemption, which he may convey.... A valid foreclosure sale of property subject to a mortgage extinguishes the equity of redemption; however ... a post-foreclosure right of redemption arises in the mortgagor or his vendee.... Unlike the equity of redemption, which exists prior to foreclosure and is deemed an interest in the property, the statutory right of redemption arises after foreclosure and is a mere personal privilege conferred by statute; it is not property or a property right.

*Dominex, Inc. v. Key*, 456 So.2d 1047 (Ala.1984) (citation omitted); *see also First Union Nat. Bank of Florida v. Lee County Com'n*, No. 1090804, 2011 WL 2573370, at *7 (Ala. June 30, 2011) (applying *Ala. Home Mortgage Co., Inc. v. Harris*, 582 So. 2d 1080, 1082-83 (Ala. 1991) and stating that when real property is mortgaged, the mortgagor retain his status as owner and holder of equitable title). When a mortgagor executes a second mortgage, the equity of

---

[1] Because both Deutsche Bank and the Portises seek to claim the right to redeem from the same mortgage foreclosure on the same property, the court has considered all arguments as supporting each party's own right to redeem.

redemption as to the first mortgage is conveyed to the second mortgagee. *Ala. Home Mortgage, Inc. v. Harris*, 582 So. 2d 1090, 1082 (Ala. 1991).

In this case, based on the stipulated facts, legal title to the property was in Citibank at the time of the first mortgage, and the Marvins retained the equity of redemption, which they conveyed to Deutsche Bank by their second mortgage. Citibank's foreclosure sale then extinguished the equity of redemption. Deutsche Bank and the Portises each seek to exercise a statutory right of redemption.

Statutory rights of redemption, and the priorities of those rights, are provided for in *Ala. Code* § 6-5-247 et seq. The statute lists the following as the parties which may redeem when real estate is sold through foreclosure: any debtor; any mortgagor; any junior mortgagee; a judgment creditor; any transferee of the interests of the debtor or mortgagor; the respective spouses of all debtors, mortgagors, or transferees of any interest in the debtor or mortgagor; and children, heirs, or devisees of any debtor or mortgagor. *Ala. Code* § 6-5-248(a).

The statute also provides that when any debtor or mortgagor conveys his interest in property subject to a mortgage prior to sale and is released from liability for the debt, the right of redemption is terminated. *Ala. Code* § 6-5-248 (e). "However, where debtors or mortgagors have conveyed their interests in the property but remain liable on the debt and are debtors at the date of the foreclosure sale, the debtors and mortgagors retain their right of redemption . . . . " *Id.*

The Alabama statute allocates priority of redemption rights as follows: "a mortgagor and a debtor have priority over any other redeeming party and a mortgagor has priority over a debtor." *Ala. Code* § 6-5-248 (g).

7

A. Redemptive Right of the Portises

The Portises claim a redemptive right as judgment creditors, as mortgagors, as debtors, and as spouses of debtors. The court turns first to the category of debtors. As stated above, debtors who remain liable on the debt and are debtors at the date of the foreclosure sale have a statutory right of redemption, pursuant to *Ala. Code* § 6-5-248 (a)(1), (2) and (e).

The Eleventh Circuit has examined the meaning of "debtor" as used in *Ala. Code* § 6-5-248 (e). *See In re Robin Poe*, 477 F.3d 1317 (11th Cir. 2007). The court explained that to be a debtor within the statute, if a person does not have any interest in the property sold, the person must have owned the property subject to the mortgage that was foreclosed, the person must retain the liability associated with the property after selling the property, and the person must retain the liability associated with the property at the time of the foreclosure sale. *Id.* at 1321.[2]

Deutsche Bank originally argued that the Portises, standing in the shoes of the Marvins, are not "debtors" because there is no evidence that the Marvins remained liable for any deficiency after the Citibank foreclosure sale. When asked to provide additional stipulated facts on this issue, the parties filed a supplement to their stipulated facts which, as set forth in the Stipulated Facts, states that Citibank Mortgage's credit bid was the entire amount due and owing, and resulted in no deficiency following sale.

---

[2] Deutsche Bank attempts to distinguish *In re Robin Poe* on the basis that the Marvins did not sell the property. By taking out a second mortgage, however, they transferred the equity of redemption to Deutsche Bank, and so transferred their interest in the property.

While Deutsche Bank finds significance in the stipulated fact that there was no deficiency after the Citibank foreclosure sale, the statute preserves a redemptive right where debtors or mortgagors "remain liable on the debt and are debtors **at the date of** the foreclosure sale . . . ." *Ala. Code* § 6-5-248 (e) (emphasis added); *see also In re Robin Poe*, 477 F.3d at 1321. The debtor does not have to remain liable after the foreclosure sale. The Marvins remained liable on the debt to Citibank, and were debtors "at the date of" Citibank's foreclosure sale. Therefore, under the terms of the statute, the Marvins were debtors who were liable on the debt, within the meaning of *Ala. Code* § 6-5-248(e). The Portises contend that they have a right of redemption as the "transferees of the Marvins," pursuant to *Ala. Code* § 6-5-248(a)(5). *See* Doc. #82 at p.41.

The Portises have at various points characterized themselves as "mortgagors" and "debtors." At the time the current redemption statute was amended in 1988, Alabama law would not have recognized a statutory right of redemption in the Marvins in the Citibank mortgage. *See Dominex, Inc. v. Key*, 456 So. 2d 1047 (Ala. 1984) (a mortgagor who has conveyed his equity of redemption cannot seek to redeem the property). In fact, the statutory amendment in 1988 was made at least in part to cure the situation where a person still liable on the debt had no right to redeem unless he had an interest in the property. *See* Cohen, Harry, *The Statutory Right of Redemption in Alabama: A New Statute is on the Horizon,* 39 Ala. L. Rev. 131, 141 (1987). Therefore, while the Marvins were the original mortgagors on the Citibank mortgage, having

conveyed their equity of redemption to Deutsche Bank, the Marvins, and therefore, the Portises, have a right to redeem as "debtors."[3]

### B.  Redemptive Right of Deutsche Bank

#### 1.  Right to Redeem

Deutsche Bank claims a statutory redemptive right in the property at issue by virtue of its having foreclosed on the second mortgage.  The Portises originally argued that Deutsche Bank had no redemptive right because Deutsche Bank does not fit any of the statutory categories of persons entitled to redeem under *Ala. Code* § 6-5-248 (a).  *See* Doc. # 82 at p. 2.

Before it was amended in 1988, the redemption statute granted a right to redeem to "the debtor, junior mortgagee, vendee of the debtor or assignee of the equitable or statutory right of redemption, wife, widow, child, heir at law, devisee or any vendee or assignee of the right of redemption under this Code." *Bland v. Hunter*, 448 So. 2d 330, 332 (Ala. 1984).  Applying that statute in *Ala. Home Mortgage Co., Inc. v. Harris*, 582 So. 2d 1080 (Ala. 1991), the Supreme Court of Alabama explained that when a mortgagor executes a second mortgage, the equity of redemption as to the first mortgage is conveyed to the second mortgagee. *Id.* at 1082-83.  The Supreme Court of Alabama also has explained that by foreclosure of a second mortgage, the second mortgagee, which became the purchaser at sale, "became the owner of the equity of redemption from the first mortgage . . . ." *Huie v. Smith*, 183 So. 661, 663 (Ala. 1938).  The

---

[3] The Portises also claim a right of redemption as assignees of Sherwin Williams, a judgment creditor, under *Ala. Code* § 6-5-248 (a)(4).  Deutsche Bank argues that Theresa Marvin had been divested of her interest in the property at the time the judgment was obtained against her.  The court need not resolve this issue, or resolve the Portises' claim that they can redeem as spouses of debtors, having concluded that the Portises have a redemption right as debtors.

10

court has also described this transfer of rights as "effectively standing in his grantor's (the mortgagor's) shoes." *Dominex, Inc. v. Key*, 456 So. 2d 1047, 1052 (Ala. 1984).

Although when the statute was amended in 1988, it omitted the category of "assignee of the equitable . . . right of redemption," there is no discussion in the bill, or contemporary legal scholarship, of an intent to omit the owner the equitable right of redemption from the redemption statute. *See* Ala. Acts 1998, Act No. 88-441; Cohen, Harry, *The Statutory Right of Redemption in Alabama: A New Statute is on the Horizon,* 39 Ala. L. Rev. 131, 136 and 158 (1987). In fact, the Portises have acknowledged in their briefs that Deutsche Bank had the right to redeem the property "as the owner of the equity of redemption in the Citibank Mortgage. . . ." Doc. #86 at p.2. Accordingly, the court concludes that Deutsche Bank has a redemptive right. The categorization of that right will be discussed below in connection with the application of the priority provision.

2.  Statutory Requirements

To be entitled to redeem in this case, Deutsche Bank has additional hurdles to clear; namely, filing within the redemptive period, and statutory pre-conditions. The court notes that Citibank, the party from whom Deutsche Bank and the Portises seek to redeem the property, takes no position as to whether Deutsche Bank or the Portises have met the statutory requirements for redemption. *See* Doc. #91 at p. 2. Citibank, however, also does not waive any statutory requirements. *Id.* at p. 3.

To redeem property, a claimant must file suit within one year from foreclosure. *Ala. Code* § 6-5-252. Deutsche Bank argues that its claim was timely filed within the one-year redemptive period because its original Complaint was filed within the year, and it expressly

11

asserted a redemption claim in the Amended Complaint which relates back to the filing of the original Complaint. Deutsche Bank further states that, even if its claim does not relate back, it should be excused from compliance with the one-year redemption period.

An amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back, and the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. *Fed. R. Civ. P.* 15(c)(1)(A),(B). This provision is intended to "make it clear that the rule does not apply to preclude an relation back that may be permitted under the applicable [state] limitations law." Advisory Committee Note to the 1991 amendment to Rule 15(c).

The Portises contend that Deutsche Bank's request for redemption of the property does not relate back, so the Portises are the only party entitled to redeem in this case. The Portises do not cite to any case law which states that a complaint seeking a right to redeem cannot relate back, and therefore meet the statutory prerequisite. They rely on *Bank Indep. v. Jenkins Builders, Inc.*, 564 So. 2d 880, 882 (Ala. 1990). *Bank Indep.*, however, while certainly standing for the proposition that a party must protect its rights by seeking a right to redeem, is not a case involving application of relation back rules. *Id.* at 882. In fact, *Bank Indep.* notes that the party seeking to redeem should have added a count seeking to redeem the property to its complaint for reformation. *Id.* at 881. That opinion, therefore, actually lends support to the idea that a claim for redemption arises out of the same facts as a challenge to the mortgage itself.

12

Although not presenting the same factual circumstances, there are Alabama cases which have applied relation back principles to find an amendment timely under the redemption limitations period. *See, e.g., Peacock v. Clay*, 831 So. 2d 33, 38 (Ala. Civ. App. 2001).

In this case, the Amended Complaint contained and the claims were based on the same facts contained in the original Complaint. *See* Doc. ##2-2, 27. The additional requested relief of a right to redeem the property, therefore, is consistent with Alabama law and is a claim that arose out of the conduct, transaction, or occurrence set in the original pleading. *Fed. R. Civ. P.* 15(c)(1)(A),(B). The Portises contend that there are different transactions at issue in the two complaints because the original Complaint concerns the circumstances of a closing transaction, while the claim for relief in the Amended Complaint concerns a foreclosure sale. The facts of the foreclosure sales are pled in the original Complaint, however. *See* Doc. #2-2 at ¶¶ 17, 18.[4] The redemption claim asks for a determination of a legal effect under the redemption statute of the facts which were pled in both complaints.

In addition, Citibank has not demonstrated, or claimed, any prejudice to it if the Amended Complaint relates back. Notice having been given through the allegations of the original Complaint, and the Amended Complaint filed in the consolidated cases, the court cannot agree with the Portises that any adverse parties are prejudiced by the allowing of relation back in

---

[4] The Portises have stated that Deutsche Bank itself has represented that the facts relevant to priority of mortgage are not relevant to the redemption claim. *See* Doc. #85 at p. 8. The argument by Deutsche Bank, however, was with regard to an argument by the Portises that Deutsche Bank was negligent in failing to insure that its mortgage with the Marvins had first priority. It was not a representation that a claim for a right of redemption was based on facts other than those alleged in the Amended Complaint.

13

this case. The court concludes, therefore, that Deutsche Bank made a claim for redemption within the redemptive period.

Deutsche Bank, while timely filing a request for redemption through its Amended Complaint, did not strictly comply with other statutory provisions regarding a redemptive right.

Under Alabama statutory law

> Anyone desiring and entitled to redeem may make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed by him or her, and such purchaser or their transferees shall, within 10 days after such written demand, furnish such person making the demand with a written, itemized statement of all lawful charges claimed by him or her. The redeeming party must then tender all lawful charges to the purchaser or his or her transferee. If the purchaser or his or her transferee fails to furnish a written, itemized statement of all lawful charges within 10 days after demand, he or she shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his or her complaint without a tender to enforce his or her rights under this article and file a lis pendens with the probate court.
> Tender or suit must be made or filed within one year from foreclosure.

*Ala. Code* § 6-5-252. Deutsche Bank did not make a written demand, or tender payment.

The Portises contend that this provision is mandatory, citing to *Ala. Code* § 6-5-250, which states that mode and manner requirements of the statute must be complied with to claim a redemptive right.

Although Deutsche Bank never made a demand for a statement of lawful charges, the portion of the statute governing demand is written in permissive terms. In *Spencer v. West Ala. Properties, Inc.*, 564 So. 2d 425, 428 (Ala. 1990), the Supreme Court of Alabama interpreted an older version of the statute, § 6-5-234, which is nearly identical to the current statute,[5] *Ala. Code*

---

[5] "This section was essentially the prior Section 6-5-234." Comment to *Ala. Code* § 6-5-252.

§ 6-5-252, in that it also provided that "Anyone desiring and entitled to redeem *may* make written demand of the purchaser or his vendee for a statement in writing of the debt and all lawful charges claimed by him . . . ." (emphasis in original). The Supreme Court noted that this language is "clearly permissive," and concluded that even though a party failed to demand a statement of the debt and lawful charges, the party was allowed to redeem. *Id.* at 428.

This court concludes, based on the interpretation of similar statutory language by the state's highest court, that Deutsche Bank's failure to make a written demand does not bar its redemption claim in this case.

Under the terms of the statute, a party may file suit, rather than tender the lawful charges, if a statement of charges has not been provided. *Ala. Code* § 6-5-252. Even assuming tender is a pre-condition under the circumstances that no statement of lawful charges was requested, however, that pre-condition can be excused. *See Skelton LLC v. J&G, LLC*, 922 So. 2d 926 (Ala. Civ. 2005), *Davis v. Anderson*, 678 So. 2d 140 (Ala. Civ. App. 1995).

Deutsche Bank argues that the redemption statutes are to be liberally construed in favor of redemption, and that it should be excused from literal compliance with the redemption statute requirements. Deutsche Bank relies on *Robino v. Green*, 119 So.2d 897, 899 (Ala. 1960), to demonstrate that it ought not be barred in its claim by failure to tender payment. In *Robino*, a complainant asked to be permitted to exercise a statutory right of redemption, even though it did not allege a written demand for the amount due or a tender of the money. The court explained that literal compliance with redemption statutes has been excused in previous cases. *Id.* Although, as the Portises point out, the court noted that previous cases relied on reasoning that the failure to comply was the fault of a party other than the party seeking redemption, that was

15

not the full extent of the court's analysis.  The court also reasoned that in seeking to vacate a foreclosure as void or voidable, a complaint "does not require any averment of tender, if complainant submits himself to the jurisdiction of the court and offers to do equity."  *Id.*; *cf. Bank Indep. v. Jenkins Builders, Inc.*, 564 So. 2d 880, 882 (Ala. 1990) (in a challenge to the mortgage itself, if the claimant ultimately wanted to seek redemption, the claimant should have "complied with the redemption statute by including in its complaint for reformation a count seeking to redeem the subject property.").

In the instant case, Deutsche Bank originally filed a Complaint seeking a declaration that the Citibank foreclosure was void and of no effect.  *See* Doc. #27 at ¶ 19 e.  Deutsche Bank also alternatively requested the court to determine and declare "[t]if the Court determines that Deutsche Bank is not entitled to the relief requested in paragraphs a through f above, Deutsche Bank be entitled to redeem the Subject property from Citibank for an appropriate redemption price."  *Id.* at 19 g.

This case is, therefore, falls within the reasoning of *Robino*, and is to be distinguished from cases relied upon by the Portises.  *See, e.g., Hicklin v. Old Ship African Methodist Episcopal Zion Church*, 574 So. 2d 822, 825 (Ala. Civ. App. 1990) (statutory requirements not met where the complaint seeking to set aside a foreclosure sale "did not even mention redemption," there was no excuse for not tendering, and no offer to pay).  Under the reasoning of *Robino*, that a complaint seeking to vacate a foreclosure as void is not required to allege tender of payment, if the complainant submits himself to the jurisdiction of the court and offers to do equity, the court concludes that Deutsche Bank's failure to tender payment is excused because

Deutsche Bank expressly sought to have the court find that it was entitled to redeem the property, and offered to pay the appropriate redemption price.[6]

C. Priority of Redemptive Rights

Debtors and mortgagors are given priority over other persons entitled to redeem. *Ala. Code* § 6-5-248(g). A mortgagor has priority over a debtor. *Id.*

Deutsche Bank argues that it is a "mortgagor," based on the interest that it had in the property when the Marvins obtained the second mortgage. That is, because the Marvins transferred their equity of redemption in the Citibank mortgage to Deutsche Bank with the second mortgage, the Marvins' interest as mortgagors of the Citibank mortgage passed to Deutsche Bank. Deutsche Bank states that it "is to be treated as occupying the position of the Marvins as 'mortgagor' to Citibank." Doc. #87 at p.5. Deutsche Bank notes that a mortgagor can be a mortgagor even though that person is not liable on the debt. *See* Comment to *Ala. Code* § 6-5-248(a)(2).

As noted above, when the redemption statute was amended in 1988, the category of "assignee of the equitable . . . right of redemption," was omitted. That appears to be the statutory provision which would have applied to a junior mortgagee foreclosing first. Under Deutsche Bank's argument, for Deutsche Bank to be the mortgagor, the legislature would have replaced "assignee of the equitable right of redemption" with "mortgagor." That interpretation is not self-evident.

The Alabama Supreme Court has explained the transfer of the equitable right of redemption in this way: when real property is mortgaged, the mortgagor retains the equity of

---

[6] The court notes that the Portises also have not made a tender of lawful charges. In fact, with respect to their interest as transferees of the Marvins, rather than Sherwin Williams, the only step they have taken toward redemption is to timely file suit, as Deutsche Bank has done.

17

redemption, which he may convey, but when he does so, "his grantee succeeds to this right of redemption, effectively standing in his grantor's (the mortgagor's) shoes." *Dominex, Inc. v. Key*, 456 So. 2d 1047, 1052 (Ala. 1984).

One of the categories of persons entitled to redeem in the amended statute is a "transferee of the interests of the mortgagor, either before or after the sale of the property." *Ala. Code* § 6-5-230 (a) (5). The commentary to this section indicates that the transfer of rights also includes a transfer of the "equity of redemption." Comment to *Ala. Code* § 6-5-248 (a)(5). Under Alabama case law, a transfer of the equity of redemption occurred when the Marvins obtained a second mortgage. Deutsche Bank appears, therefore, to be a "transferee of an interest of the mortgagor" under *Ala. Code* § 6-5-248 (a)(5).

The priority statute, § 6-5-248 (g), speaks in terms of the "mortgagor" and "debtor" having priority over other redeeming parties. The Portises are not themselves the "debtors." As explained above, it was the Marvins who gained a statutory a right of redemption, even though they no longer had the equity of redemption (having transferred it to Deutsche Bank), by virtue of their status as debtors on the obligation to Citibank at the time of the Citibank foreclosure sale.[7] The Portises concede that their right of redemption exists because they are transferees of the Marvins, under *Ala. Code* § 6-5-248 (a)(5). *See* Doc. #82 at p. 41.

---

[7] As noted earlier, under the law as it existed prior to the amendment in 1988, which added a statutory right of redemption for mortgagors or debtors who are debtors at the time of the foreclosure sale, the Marvins would have had no right of redemption as against Citibank. *Ala. Home Mortgage*, 582 So. 2d 1084; *Dominex, Inc. v. Key*, 456 So. 2d 1047 (Ala. 1984) (a mortgagor who has conveyed his equity of redemption cannot seek to redeem the property, before or after foreclosure).

18

Similarly, Deutsche Bank stands in the shoes of the Marvins as mortgagor on the first mortgage, as transferees of the Marvins as mortgagors under *Ala. Code* § 6-5-248 (a)(5).[8]

It would be inconsistent with established case law to interpret the priority statute's identification of "mortgagor" and "debtor" as excluding persons who stand in the shoes of the "mortgagor" and "debtor."  As the Portises point out, Alabama law has long provided that the statutory right of redemption can be "assigned  and that such assignee may enforce the same under the statute as the assignor may have done." *Whiteman v. Taylor*, 83 So. 595, 598 (Ala. 1919).  Under the statute, therefore, Deutsche Bank, as a transferee of the Marvins' redemption interest as "mortgagors," has priority over the Portises, as transferees of the Marvins' redemption interest as "debtors."  *See Ala. Code* § 6-5-248 (g).[9]  Deutsche Bank, therefore, is entitled to exercise the right of redemption, and to pay the appropriate price to redeem the property from Citibank.

## V. CONCLUSION

For the reasons discussed, it is hereby DECLARED that this case is resolved in favor of Deutsche Bank National Trust Company, and Deutsche Bank National Trust Company is entitled to exercise a statutory right of redemption from Citibank, N.A. for the property located at  Lot 1

---

[8] While the transfer that applies to Deutsche Bank occurred through a mortgage transaction, while the Portises purchased the Marvins' rights, both parties received redemption rights from the Marvins and are entitled to statutory rights of redemption as transferees of the Marvins.  *Ala. Code* § 6-5-248 (5); Doc. # 82 at p.41.

[9] Although the Portises have made a reference to a right to further redeem from Deutsche Bank in their briefs, there is no such claim for redemption as against Deutsche Bank in this case.  Furthermore, it does not appear that such redemption would be appropriate in this case.  *See Ala. Code* § 6-5-248 (d).

of Belle Arete Subdivision Plat No. 1, as the Plat thereof appears of record in the Office of the Judge of Probate of Montgomery, County in Plat Book 48, Page 96.

It is further ORDERED that Deutsche Bank National Trust Company and Citibank, N.A. have 30 days from the date of this Order to resolve the issue of the appropriate amount due to redeem the property, or to advise the court that the issue has not been resolved.

Done this 29th day of August, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE