IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under the Pooling and Servicing Agreement Related to IMPAC Secured Assets Corporation, Mortgage Pass-Through Certificates, Series 2007-1,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:09cv324-WHA<br>)<br>)          (wo)<br>)<br>) |
| JOHNNY M. PORTIS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIBANK, N.A., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:10cv001-WHA<br>)<br>)<br>) |

ORDER

This cause is before the court on a Motion to Alter, Amend, and/or Vacate the August 29, 2011 Order and /or Motion for a New Trial (Doc. #96). In their motion, Johnny M. Portis and Lisa H. Portis seek relief pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007 (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the

entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005)).

The court has reviewed the Portises' motion, but, based on Eleventh Circuit authority, has not considered new arguments, and has not considered any argument which is a departure from the Portises' previous position in the case.  *See* Doc. #96 at page 18 (stating "In other words, this Court was basing its determination that Deutsche Bank has a redemptive right to redeem on the Portises' **erroneous** statement . . . .") (emphasis in original).   Upon consideration of the properly-raised arguments in the motion, the court is not persuaded that its interpretation of Alabama law, as explained in its previous Memorandum Opinion and Order (Doc. #95), is a manifest error.

The Portises also are not entitled to relief pursuant to Rule 60 of the Federal Rules of Civil Procedure, final judgment not yet having been entered in this case, and there further being no basis for such relief.

Accordingly, it is hereby ORDERED that the Motion to Alter, Amend, and/or Vacate the August 29, 2011 Order and /or Motion for a New Trial (Doc. #96) is DENIED.


Done this 29th day of September, 2011.

                                             /s/ W. Harold Albritton
                                            W. HAROLD ALBRITTON
                                            SENIOR UNITED STATES DISTRICT JUDGE